IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC SMITH<br><br>Plaintiff,<br><br>v.<br><br>JESSICA MARIE ROBERTSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 1:25-cv-00137-RJS<br><br>Chief District Judge Robert J. Shelby |

This matter comes before the court on Plaintiff Eric Smith's Motion for Leave to Proceed in forma pauperis ("IFP"),[1] Motion for Temporary Restraining Order,[2] and Motion for Emergency Hearing.[3] Because Smith does not plead a meritorious claim under 42 U.S.C. § 1983 or 28 U.S.C. § 1446(d), the court denies Plaintiff's request to proceed IFP, dismisses the matter, and denies as moot the Motion for Temporary Restraining Order and the Motion for Emergency Hearing.

I.  BACKGROUND[4]

Smith and Defendant Jessica Marie Robertson are currently litigating a custody dispute in Utah State Court.[5] In August 2024, Smith and Robertson executed a "50/50 parenting agreement

---

[1] Dkt. 2, *Motion to Proceed in forma pauperis*.

[2] Dkt. 4, *Motion for Temporary Restraining Order*.

[3] Dkt. 5, *Motion for Emergency Hearing*.

[4] The following background is based on allegations made in Plaintiff's Complaint.

[5] Dkt. 1, *Complaint* at 9.

granting equal custody of [their minor child] H.R. and joint decision-making authority."[6] On August 25, 2025, Robertson obtained an ex parte Temporary Protective Order in Tooele District Court.[7] The protective order automatically triggered a federal firearms restriction, revoking Smith's right to carry a firearm.[8] On September 5, 2025, Smith sought to remove the custody matter to federal court pursuant to 28 U.S.C. § 1446(d).[9] The state court continued enforcing and amending the protective order against Smith.[10]

On September 17, 2025, Smith filed this Complaint against Robertson asserting claims under 42 U.S.C. § 1983, 28 U.S.C. § 1446(d), and the Supremacy Clause of the federal Constitution.[11] Thereafter, Plaintiff filed a Motion to Proceed IFP,[12] a Motion for a Temporary Restraining Order,[13] and a Motion for an Emergency Hearing.[14]

## II.   DISCUSSION

28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed by an IFP plaintiff if the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[15] Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Motion to Proceed in forma pauperis*.

[13] Dkt. 4, *Motion for Temporary Restraining Order*.

[14] Dkt. 5, *Motion for Emergency Hearing*.

[15] 28 U.S.C. § 1915(e)(2)(B).

Circuit has encouraged district courts to screen IFP cases as soon as practical.[16] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[17] When reviewing a complaint's sufficiency, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[18]

Because Plaintiff proceeds *pro se* the court must construe his pleadings "liberally" and hold him "to a less stringent standard than formal pleadings drafted by lawyers."[19] However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[21]

### A. Smith Fails to State a Claim Under 42 U.S.C. § 1983.

To state a cause of action under § 1983, Plaintiff must allege "(1) deprivation of a federal right by (2) a person acting under color of state law."[22] Smith's complaint is deficient because Defendant Robertson is not a person acting under color of state law.

---

[16] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012) (stating prompt screening in forma pauperis cases is a good and efficient practice).

[17] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation marks and citation omitted).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[19] *Id.* at 1110.

[20] *Id*.

[21] *Id*.

[22] *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("By the plain terms of § 1983, two . . . allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.") (citation omitted).

Robertson is the sole defendant identified in the complaint.[23] "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of *state action*."[24] "A private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents."[25] All other "private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[26] Robertson, acting as the mother of Smith's child, is a private actor. As a private actor, Robertson was not acting under color of law and cannot be liable for any § 1983 claim. Accordingly, the §1983 claims against Robertson are dismissed.

B. **Smith Fails to State a Cause of Action Under 28 U.S.C. § 1446(d) and the Supremacy Clause.**

Count IV alleges, "By continuing to act after removal, the state court and related officials acted without jurisdiction, in violation of 28 U.S.C. § 1446(d)" and "the Supremacy Clause of the United States Constitution."[27] This count is deficient as neither the statute nor the Supremacy Clause provide Smith a private right of action.

A private right of action empowers a private citizen to file a lawsuit to address an alleged violation of the law.[28] "[T]]he fact that a federal statute has been violated and some person

---

[23] *Complaint* at 2.

[24] *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (unpublished) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis added).

[25] *Montgomery v. City of Armore*, 365 F.3d 926, 942 (10th Cir. 2004) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

[26] *Read*, 1 F. App'x at 870 (10th Cir. 2001) (unpublished); *see also Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 935 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)).

[27] *Complaint* at 10–11.

[28] *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979).

harmed does not automatically give rise to a private cause of action in factor of that person."[29] A private right of action is required to bring suit.[30]

The federal removal statute, 28 U.S.C. § 1441, "permits a defendant to remove to federal court any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[31] 28 U.S.C. § 1446 governs the proper procedure when removing civil actions to federal court.[32] Section 1446 (d) specifically requires:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.[33]

Neither the removal or the removal procedural statute provide for a private right of action.[34] When a state court defies a proper removal to federal court, the defendant has the option to either continue litigating in state court while maintaining their right of removal or abandon its state court litigation and seek relief in the federal court where the action was removed to.[35] The statute does not allow for a new action to be filed in federal court for a violation of this

---

[29] *Id.*

[30] *See id.*; *see also Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (holding no private right of action to enforce disparate-impact regulations promulgated under Title VI of the Civil Rights Act of 1964).

[31] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citing 28 U.S.C. § 1441).

[32] 28 U.S.C. § 1446.

[33] *Id.* §1446(d).

[34] *See generally id.* §§ 1441, 1446.

[35] *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 123 (1882); *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir. 1988) ("[T]he party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal. However, if the defendant chooses to defend in state court, it does not waive its jurisdictional objection." (citing *Nat'l S.S. Co.*, 106 U.S. at 123)).

procedural statute.[36]  Seeking the additional remedy of a private right of action to enforce the statute is thus improper.

      The Supremacy Clause of the Constitution provides,

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

In *Armstrong v. Exceptional Child Center, Inc.*, the U.S. Supreme Court held the Supremacy Clause does not create a cause of action for its violation.[37]  Without a cause of action, the claim must fail. Since there is no cause of action is available under § 1446(d) or the Supremacy Clause, Count IV is dismissed.

## CONCLUSION

      **It is ORDERED** that Plaintiff's Motion to Proceed IFP[38] is DENIED.  The Motion for Temporary Restraining Order[39] and Motion for Emergency Hearing[40] are denied as moot.  It is further ORDERED that Plaintiff's Complaint[41] is DISMISSED.  The Clerk of Court is directed to close the case.

---

[36] Further, it is not clear that Plaintiff properly removed the case to federal court as Plaintiff has provided any information regarding a pending federal case.

[37] 575 U.S. 320, 326–37 (2015).

[38] Dkt. 2.

[39] Dkt. 4.

[40] Dkt. 5.

[41] Dkt. 1.

DATED this 18th day of September 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge
